Filed 3/25/24  P. v. Johnson CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>KYLE MARQUES JOHNSON,<br><br>    Defendant and Appellant. | C097515<br><br>(Super. Ct. No. CR199258431) |

Defendant Kyle Marques Johnson appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6[1] at the prima facie stage.  We shall affirm the order.

---

[1]     Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.

1

## BACKGROUND

Defendant's accomplice testified at trial that defendant shot and killed the victim for failing to pay for drugs he gave her to sell. The jury found defendant guilty of first degree murder but found not true the allegation that defendant personally used a firearm.

For first degree murder, the jury was given the standard instruction on deliberate and premeditated murder under CALJIC No. 8.20. This instruction stated: "All murder which is perpetrated by any kind of willful[], deliberate and premeditated killing with express malice aforethought is murder of the first degree." The jury also was given the instruction on aiding and abetting (CALJIC No. 3.01): "A person aids and abets the commission of a crime when he or she, [¶] (1) with knowledge of the unlawful purpose of the perpetrator and [¶] (2) with the intent or purpose of committing, encouraging, or facilitating the commission of the crime, by act or advice aids, promotes, encourages or instigates the commission of the crime."

Defendant appealed; we modified defendant's custody credits and affirmed the judgment as modified. (*People v. Johnson* (Feb. 16, 1996, C018357) [nonpub. opn.].)

In September 2022, defendant filed a petition for resentencing under section 1172.6. The petition alleged he could not now be convicted of murder because he had been convicted under a theory of felony murder or under the natural and probable consequences doctrine. The trial court held a hearing on November 18, 2022, and denied this petition "based on the record before the [c]ourt."

Defendant appeals.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, prohibited the use of the natural and probable consequences doctrine and felony-murder rule so that malice can no longer "be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2, subd. (a)(3).) Senate Bill No. 1437 (2017-2018 Reg. Sess.) also added former section 1170.95 (now section

2

1172.6), which permits qualifying individuals who were "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1172.6, subd. (a).)

Once a complying petition is filed, the trial court appoints counsel if requested, the parties submit briefs, and the court makes a prima facie determination of eligibility. (*People v. Lewis* (2021) 11 Cal.5th 952, 966.) The prima facie inquiry is "limited" and courts must " ' "take[ ] petitioner's factual allegations as true." ' " (*Id*. at p. 971.) " 'However, if the record [of conviction], including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.)

Defendant argues the trial court erred in denying his petition at the prima facie stage because the jury verdict did not establish he was the actual killer. Thus, he reasons, "he was not as a matter of law precluded from relief." To be eligible for relief, however, defendant must have been convicted under a theory where malice was imputed based on his participation in a crime. (§ 1172.6, subd. (a).) He concedes, as he must, that "the court gave no instruction expressly based on felony murder or the natural and probable consequences doctrine" but contends the "instructions given to the jury allowed it to impute malice to appellant based solely on his participation in a crime." Defendant misunderstands the structure of the given instructions.

Here, the jury instructions permitted aider and abettor liability only for aiding in a deliberate and premeditated first degree murder. No other crime was charged or argued, so if the jury did not find defendant was the actual killer, it necessarily found defendant personally harbored express malice by directly aiding and abetting the premeditated and deliberate murder. This satisfies the current murder statutes because, under these

3

instructions, "[t]he aider and abettor must know the direct perpetrator intends to commit the murder . . . and intend to aid the direct perpetrator in its commission." (*People v. Curiel* (2023) 15 Cal.5th 433, 468.) This also renders this case dissimilar from those that defendant cites where the instructions did not require the aider and abettor to have acted with malice. (See *People v. Langi* (2022) 73 Cal.App.5th 972, 983 ["the jury was entitled to conclude that, to be guilty as an aider and abettor of second degree murder, appellant need only have intended to encourage the perpetrator's intentional act—in this case, punching Martinez"]; *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1266 [applying *Langi*'s reasoning to a lying-in-wait murder].)

In short, defendant was ineligible for relief as a matter of law based on the record of conviction and the trial court properly denied his petition at the prima facie stage. (*People v. Curiel, supra*, 15 Cal.5th at p. 470 ["a trial court [is] permitted to deny a defendant's section 1172.6 petition at the prima facie stage" if "the court's jury instructions foreclose that possibility [of eligibility] *as a matter of law*"].)

DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1172.6 is affirmed.

/s/
Ashworth, J.*

We concur:

/s/
Robie, Acting P. J.

/s/
Duarte, J.

---

*        Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4